# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DISABILITY INACTIVE STATUS OF ROBERT L. HEMPEN II, BAR NO. 3433.

No. 79547

**FILED**

OCT 23 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF TRANSFER TO DISABILITY INACTIVE STATUS*

The State Bar and attorney Robert Hempen have filed a joint petition alleging that Hempen is suffering from a disability due to physical infirmity or illness that makes it impossible for him to continue the practice of law at this time. The petition is governed by SCR 117(3) because Hempen has not been judicially declared incompetent and no disciplinary board or hearing panel has weighed in on his competency. *Compare* SCR 117(3) (addressing transfer to disability inactive status before a determination of competency), *with* SCR 117(1) (addressing transfer to disability inactive status based on judicial declaration of incompetency), *and* SCR 117(2) (addressing transfer to disability inactive status based on a disciplinary board or hearing panel's petition).

SCR 117(3) provides that when an attorney files a petition before a determination of competency, this court "shall enter an order transferring the attorney to disability inactive status until a determination is made of the attorney's capacity to continue to practice law in a proceeding instituted in accordance with [SCR 117(2)]." In turn, SCR 117(2) provides that we "may take or direct such action as [we] deem[] necessary to determine whether the attorney is incapacitated, including referral of the matter to the appropriate disciplinary board for hearing and

19-43764

recommendation by a hearing panel or the examination of the attorney by qualified medical experts."

Consistent with SCR 117(3), Hempen is transferred to disability inactive status. Because there are no pending disciplinary matters against Hempen and the documents provided with the petition clearly establish a medical condition that disables Hempen from practicing law at this time, we conclude that a referral for hearing and recommendation by a hearing panel as provided in SCR 117(2) is unnecessary in this matter.

As required by SCR 117(7), Hempen shall comply with SCR 115. If he is unable to do so, the State Bar shall proceed under SCR 118. The State Bar shall comply with SCR 121.1 and provide this court with proof that notice has been served.

It is so ORDERED.[1]

_____ C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:    Bar Counsel, State Bar of Nevada
       Law Offices of Robert L. Hempen II
       Executive Director, State Bar of Nevada
       Admissions Office, United States Supreme Court

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.